UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- X
CHARLENE JAMES, individual, and on behalf : of all other persons similarly situated,

        Plaintiffs,

    -against-

T&H SECURITY, INC., CITADEL SPECIAL EVENTS SERVICES, INC., THOMAS FERRARA, REIDA FERRARA, TYRONE A. YORIS and JOHN DOES 1-10, Jointly and Severally,

        Defendants.
------------------------------------------------- X

INDEX NO. 08 Civ. 01457

**DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

Defendants, T&H Security, Inc. and Citadel Special Events Services, Inc., Thomas Ferrara, Rita Ferrara, and Tyrone A. Yorio,[1] by and through their attorneys Arent Fox PLLC, state their Answer to the Complain:

### NATURE OF THE ACTION

1. Defendants deny the allegations contained in paragraph 1 of the complaint.

2. Defendants deny the allegations contained in paragraph 2 of the complaint.

### JURIDICTION AND VENUE

3. Defendants acknowledge that plaintiffs assert that the Court has jurisdiction pursuant to 28 §§§§ 1331, 1337, 1343, 1367 and 29 U.S.C. §216(b) in paragraph 3 of the complaint but deny the appropriateness of the same.

4. Defendants acknowledge that plaintiffs claim 28 U.S.C.§1391 as the basis of venue but deny the appropriateness of the same.

---

[1] Please note Defendant Tyrone Yorio's and Rita Ferrara's names are misspelled in the caption.

5. Defendants acknowledge that plaintiffs claim 28 U.S.C.§§2201 and 2202 as the basis of this Court issuing a declaratory judgment but deny the appropriateness of the same in this action.

## THE PARTIES

6. Defendants deny sufficient knowledge or information to form a belief as to the allegations contained in paragraph 6 of the complaint.

7. Defendants deny the allegations contained in paragraph 7 of the complaint but admit that Defendants T&H Security, Inc. d/b/a Citadel Security Inc. and Citadel Special Events Services, Inc. are two separate and independent corporations with offices located at 34 91st Street, Brooklyn, New York 11209.

8. Defendants deny the allegations contained in paragraph 8 of the complaint but admit that Rita Ferrara is an Administrative Director of Citadel Special Events, Inc. and T&H Security, Inc. Thomas Ferrara is a Consultant to Citadel Special Events, Inc. and T&H Security, Inc. Defendant Tyrone Yorio is an officer of Citadel Special Events, Inc. and T&H Security, Inc.

9. Defendants deny sufficient knowledge or information to form a belief as to the allegations contained in paragraph 9 of the complaint.

10. Defendants deny the allegations contained in paragraph 10 of the complaint.

11. Defendants deny the allegations contained in paragraph 11 of the complaint.

## COLLECTIVE ACTION ALLEGATIONS

12. To the extent paragraph 12 of plaintiffs' complaint contains allegations, Defendants deny the allegations contained in paragraph 12 of the complaint.

13. Defendants deny the allegations contained in paragraph 13 of the complaint.

14. Defendants deny sufficient knowledge or information to form a belief as to the allegations contained in paragraph 14 of the complaint.

15. To the extent paragraph 15 of plaintiffs' complaint contains allegations, Defendants deny the allegations contained in paragraph 15 of the complaint.

16. Defendants deny the allegations contained in paragraph 16 and its sub-parts of the complaint.

17. Defendants deny sufficient knowledge or information to form a belief as to the allegations contained in paragraph 17 of the complaint.

18. Defendants deny the allegations contained in paragraph 18 of the complaint but acknowledge that plaintiff asserts that she is bringing this action under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

19. Defendants deny the allegations contained in paragraph 19 of the complaint but acknowledge that plaintiff asserts that she is bringing this claims under the New York Labor Law.

20. Defendants deny the allegations contained in paragraph 20 of the complaint.

21. Defendants deny the allegations contained in paragraph 21 of the complaint.

22. Defendants deny the allegations contained in paragraph 22 of the complaint.

23. Defendants deny sufficient knowledge or information to form a belief as to the allegations contained in paragraph 23 of the complaint.

24. Defendants deny the allegations contained in paragraph 24 of the complaint.

25. Defendants deny the allegations contained in paragraph 25 and it sub-parts of the complaint.

## STATEMENT OF FACTS

26. Defendants deny the allegations contained in paragraph 26 of the complaint but admit that Defendant T&H Security Inc. d/b/a Citadel Security Inc. operates a security guard company and Defendant Citadel Special Events Services, Inc. supplies personnel for events.

27. Defendants deny the allegations contained in paragraph 27 of the complaint but admit that plaintiff Charlene James was employed on a "on call" and/or seasonal basis from July 2004.

28. Defendants deny the allegations contained in paragraph 28 of the complaint but admit that plaintiff Charlene James worked as a security guard on a "on call" and/or seasonal basis.

29. Defendants deny the allegations contained in paragraph 29 of the complaint.

30. Defendants deny the allegations contained in paragraph 30 of the complaint.

31. Defendants deny the allegations contained in paragraph 31 of the complaint.

32. Defendants deny the allegations contained in paragraph 32 of the complaint.

33. Defendants deny the allegations contained in paragraph 33 of the complaint.

34. Defendants deny the allegations contained in paragraph 34 of the complaint.

35. Defendants deny the allegations contained in paragraph 35 of the complaint.

36. To the extent that paragraph 36 of the complaint contains allegations, Defendants do not acknowledge the accuracy of same.

37. Defendants repeat and reallege each and every answer of the preceding paragraphs with the same force and effect as though fully set forth herein.

38. Defendants admit the allegations contained in paragraph 38 of the complaint.

39. Defendants deny the allegations contained in paragraph 39 of the complaint

except admit that Defendant T&H Security Inc. d/b/a Citadel Security Inc. employs security guards and Defendant Citadel Special Event Services, Inc. supplies personnel for events.

40. Defendants admit the allegations contained in paragraph 40 of the complaint.

41. Defendants acknowledge that in paragraph 41 of the complaint is a reference to a document in which plaintiff Charlene James appears to give her consent but Defendants do not state the appropriateness of the same.

42. Defendants deny the allegations contained in paragraph 42 of the complaint.

43. Defendants deny the allegations contained in paragraph 43 of the complaint.

44. Defendants deny the allegations contained in paragraph 44 of the complaint.

45. Defendants deny the allegations contained in paragraph 45 of the complaint.

46. Defendants deny the allegations contained in paragraph 46 of the complaint.

47. Defendants repeat and reallege each and every answer of the preceding paragraphs with the same force and effect as though fully set forth herein.

48. Defendants deny the allegations contained in paragraph 48 of the complaint except admit that plaintiff Charlene James was employed as a security guard on a "on call" and/or seasonal basis.

49. Defendants deny the allegations contained in paragraph 49 of the complaint.

50. Defendants deny the allegations contained in paragraph 50 of the complaint.

51. Defendants deny the allegations contained in paragraph 51 of the complaint.

52. Defendants deny the allegations contained in paragraph 52 of the complaint.

53. Defendants deny the allegations contained in paragraph 53 of the complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which an award of punitive damages can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which an award of attorneys' fees can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped and barred by their own conduct from recovering any relief.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from relief due to their failure to mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part due to Plaintiffs' failure to plead with the requisite particularity under the Federal Rules of Civil Procedure.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint does not allege a class properly certifiable under Federal Rule of Civil Procedure 23.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not an appropriate representative of the alleged class of employees at issue.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not similarly situated to the alleged class of employees at issue.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged collective action under section 216 of the Fair Labor Standards Action

is inappropriate and improper.

ELEVENTH AFFIRMATIVE DEFENSE

This court lacks subject matter jurisdiction over all issues and/or matters alleged in this action.

TWELFTH AFFIRMATIVE DEFENSE

Defendants adopt any and all affirmative defenses available to it that may later be deemed relevant to these proceedings and specifically reserves the right to amend its Answer to assert such defenses.

**WHEREFORE**, Defendants request judgment dismissing the Complaint against them with prejudice, together with its attorneys' fees and costs of suit.

Dated: New York, New York.
April 9, 2008

Respectfully submitted,
Arent Fox PLLC
1675 Broadway
New York, New York
212-457-5465

By: _/s/ Sonya D. Johnson_
Darrell S. Gay (DSG/6037)
Sonya D. Johnson (SDJ/9509)
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a copy of the foregoing Defendants' Answer & Affirmative Defenses and Defendants' Rule 7.1 Statement to be served on plaintiffs by hand to plaintiffs' counsel, William C. Rand, Esq. 711 Third Avenue, Suite 1505, New York, NY 10017 and Jeffrey M. Gottlieb, Esq., Berger & Gottlieb, 150 East 18th Street, Suite PHR, New York, New York 10003.

Dated: April 9, 2008
New York, New York

By: *[signature]*
Sonya D. Johnson
Arent Fox LLP
1675 Broadway
New York, NY 10019-5820