William C. Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York  10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

| | | |
|---|---|---|
| CHARLENE JAMES, | : | ECF |
| Individually and on Behalf of  All Other Persons | : | 08 Civ. 1457 (RWS)(KNF) |
| Similarly Situated, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -against- | : | |
| | : | |
| T&H SECURITY, INC., CITADEL SPECIAL | : | |
| EVENTS SERVICES, INC., THOMAS FERRARA,: | | |
| REIDA FERRARA, TYRONE A. YORIS and | : | |
| JOHN DOES #1-10, Jointly and Severally, | : | |
| | : | |
| Defendants. | : | |

-----------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF MOTION
FOR APPROVAL OF COLLECTIVE ACTION NOTICE**

Dated: New York, New York
        April 21, 2008

<div style="margin-left:40%">

LAW OFFICE OF WILLIAM COUDERT RAND
William Coudert Rand, Esq.
Attorney for Plaintiff, Individually,
and on Behalf of All Other Persons Similarly Situated
711 Third Avenue, Suite 1505
New York, New York 10017
Tel: (212) 286-1425
Co-counsel
Berger & Gottlieb
Jeffrey M. Gottlieb, Esq. (JG-7905)
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795

</div>

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| PRELIMINARY STATEMENT………………………………………. | | 1 |
| I. | INTRODUCTION………………………………………….. | 1 |
| II. | ARGUMENT…………………………………………….. | 3 |
| | A. Collective Actions under the FLSA…………………… | 3 |
| | B. The Factual Nexus is Established in this Case………… | 4 |
| | C. The Collective Action Notice…………………………. | 5 |
| | D. Defendants Should Disclose the Names and Last Known Addresses of Prospective Plaintiffs…………… | 6 |
| III. | CONCLUSION…………………………………………... | 8 |

TABLE OF AUTHORITIES

CASES                                                                                    Page

Atkins v. General Motors Corp.,
        701 F.2d 1124 (5th Cir. 1983)……………………………………………    8

Bonilla v. Las Vegas Cigar Co.,
        61 F. Supp. 2d 1129 (D. Nev. 1999)…………………………………….    7

Braunstein v. Eastern Photographic Laboratories, Inc.
        600 F. 2d 335 (2d Cir. 1979)…………………………………………….    6

Cook v. United States,
        109 F.R.D. 81 (E.D.N.Y. 1985)………………………………………….    8

Does I thru XXIII v. Advanced Textile Corp.,
        214 F.3d 1058 (9th Cir. 2000)…………………………………………    8

Gjurovich v. Emmanuel's Marketplace, Inc.,
        282 F. Supp. 2d 101 (S.D.N.Y. 2003)…………………………………… 3, 7-8

Hoffman v. Sbarro, Inc.,
        982 F. Supp. 249 (S.D.N.Y. 1997) )………………………………...…… 3-4, 7-8

Hoffman-La Roche, Inc. v. Sperling,
        493 U.S. 165 (1989)……………………………………………………    7-9

Partlow v. Jewish Orphans' Home of Southern Cal., Inc.,
        645 F.2d 757 (9th Cir. 1981)……………………………………………    7

Schwed v. General Electric Co.,
        159 F.R.D. 373 (N.D.N.Y. 1995)………………………………………..    4

Trinidad v. Breakaway Courier Systems, Inc.,
        2007 WL 103073 (January 12, 2007 S.D.N.Y)………………………..    6

STATUTES

Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA")………………    Passim

Fed. R. Civ. P. Rule 23……………………………………………………    4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHARLENE JAMES,                                  :         ECF
Individually and on Behalf of  All Other Persons :         08 Civ. 1457 (RWS)(KNF)
Similarly Situated,                              :
                                                 :
                         Plaintiffs,             :
                                                 :
            -against-                            :
                                                 :
T&H SECURITY, INC., CITADEL SPECIAL              :
EVENTS SERVICES, INC., THOMAS FERRARA,:
REIDA FERRARA, TYRONE A. YORIS and               :
JOHN DOES #1-10, Jointly and Severally,          :
                                                 :
                         Defendants.             :
-----------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION
FOR APPROVAL OF COLLECTIVE ACTION NOTICE**

**PRELIMINARY STATEMENT**

Plaintiffs (including plaintiffs who have filed a consent to join as plaintiff), on

behalf of themselves and on behalf of each and all other persons similarly situated, by

their attorneys, submit this memorandum of law in support of their Motion for Approval

of Collective Action Notice (hereafter, the "Motion").

**I.      INTRODUCTION**

In this action, among other claims for relief, Plaintiffs seek to recover unpaid

overtime compensation on behalf of themselves and other similarly situated employees of

Defendants, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

Plaintiffs now move the Court to enter an Order permitting this action to proceed as a collective action, requiring Defendants to disclose the names and last-known addresses of current and former employees who are potential plaintiffs, and to approve the form, content and distribution of Plaintiff's proposed "Notice of Lawsuit and Opportunity to Join" and "Consent to Become Party Plaintiff" (attached as Exhibit A and B, respectively, to the Declaration of William C. Rand, Esq. filed herewith), ensuring that potential plaintiffs will be advised of the pendency of this action and their right to "opt in" to this case pursuant to FLSA § 216(b).

The named plaintiffs are security guards employed by Defendants.  While employed by the Defendants, the named Plaintiffs and at least 40 other employees were improperly classified as employees "exempt" from the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and the New York Labor Law §§ 190 et seq.  As a result of the improper classification, the employees were, and continue to be, denied appropriate compensation for the hundreds of hours of overtime they work and have worked.

Accordingly, the plaintiff collective action class consists of (1) current and former employees of Defendants who worked as security guards or in other similar non-managerial, non administrative positions, (2) who were not paid overtime compensation of one and one-half times their regular rate of pay for hours worked in excess of forty (40) per week.  All such individuals should receive notice and the opportunity to opt-in to this case if they worked in excess of forty (40) hours per week but were not compensated at the rate of time and one-half.

## II.    ARGUMENT

### A.    Collective Actions under the FLSA

The FLSA expressly permits the maintenance of collective actions by similarly situated employees for an employer's violation of the provisions requiring payment of minimum wage and overtime compensation.  FLSA § 216(b) provides in pertinent part as follows:

> Any employer who violates the provisions of section 206 [requiring payment of minimum wage] or section 207 [requiring payment of overtime compensation for hours worked in excess of 40 per week] of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover liability . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.  The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

In order to maintain a collective action under FLSA § 216(b), the named plaintiff must demonstrate that other, potential plaintiffs are "similarly situated."  Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003) .  This requirement is satisfied if the named plaintiff demonstrates the existence of a "factual nexus between the [named plaintiff's] situation and the situation of the other current and former [employees]."  Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 262 (S.D.N.Y. 1997). Specifically, the named plaintiff need only make a "modest factual showing sufficient to demonstrate the [the named plaintiff] and potential plaintiffs together were victims of a common policy or plan that violated the law."  Sbarro, at 261; see also Gjurovich, 282 F.

Supp. 2d at 104.  The named plaintiff is not required to prove that potential plaintiffs

shared identical positions or performed identical work.  Schwed v. General Electric Co.,

159 F.R.D. 373, 375 (N.D.N.Y. 1995).  "The burden on plaintiffs is not a stringent one,

and the Court need only reach a preliminary determination that potential plaintiffs are

'similarly situated.'"  Sbarro, 982 F. Supp. at 261.

　　As demonstrated by the foregoing authority, collective actions under the FLSA

are materially different from class actions under Fed. R. Civ. P. 23.  Rule 23 requires the

proponent of the class action to demonstrate the existence of several factual

circumstances, including numerosity of the proposed class, common questions of law or

fact, typicality of claims or defenses, and adequate and fair protection of the interests of

the class by the representative parties.  Fed. R. Civ. P. 23.  These circumstances are

simply not applicable to collective actions under the FLSA, which requires the named

plaintiff to show only that potential plaintiffs likely exist.  As discussed below, the

declarations by Plaintiffs submitted herewith clearly and sufficiently make the requisite

showing in this case.


　　**B.**　　**The Factual Nexus is Established in this Case**

　　The declaration  of three of the named plaintiffs filed contemporaneously

herewith, demonstrate that Defendants adopted and adhered to a policy effectively

requiring their employees to work in excess of 40 hours per week without paying

overtime compensation at the rate of time and one-half, in violation of FLSA § 207.  *See*

Declarations of Plaintiffs Charlene James, Joann Long and Emanuel Byers filed in

support of the motion.

4

Case 1:08-cv-01457-RWS     Document 13     Filed 04/21/2008     Page 8 of 12

The declarations demonstrate that the named plaintiffs worked as security guards and that the plaintiffs worked more than 40 hours per week and were not paid time and one half for their hours worked over forty in a week.  The security guards' duties did not include managerial responsibilities or the exercise of independent business judgment and they did not hire or fire employees.  The declarations demonstrate that the employees paystubs show that they were not paid overtime for their hours worked over 40 in a workweek.  *Id.*

The declarations demonstrate that Defendants responded to complaints by stating that their policy was not to pay time and one-half for their work hours over 40 in a week. *Id.*

Plaintiffs worked for Defendants with at least 40 other similar security guards who performed similar work as theirs, worked more than 40 hours per week and similarly were not paid overtime.  Such individuals have worked in excess of 40 hours a week, yet the Defendants have likewise willfully failed to pay them overtime compensation of time and one-half their regular hourly rate.  *Id.*

Accordingly, Plaintiffs have demonstrated that numerous other similar employees were not paid overtime at a rate of time and one half as part of a common, illegal policy of the Defendants.

### C.     The Collective Action Notice

FLSA § 216(b) has no specific provision for issuing notice to prospective plaintiffs in collective actions.  However, it is well established that district courts have the power to send such a notice to potential plaintiffs.  E.g., Braunstein v. Eastern Photographic Laboratories, Inc. 600 F. 2d 335, 335-36 (2d Cir. 1979); Sbarro, 982 F.

5

Supp. at 261(citing Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989); Gjurovich,

282 F. Supp. 2d at 104; Trinidad v. Breakaway Courier Systems, Inc., 2007 WL 103073

(January 12, 2007 S.D.N.Y) (Judge Sweet).  It is important to note that, in issuing a

notice to potential plaintiffs, the Court does not adjudicate the merits of the claims of

either the named or potential plaintiffs, or determine that the potential plaintiffs are in

fact similarly situated with the named plaintiff.  As Magistrate Judge Lisa Margaret

Smith of the Southern District in Westchester County noted:

> Here, I determine only that notice may be sent to those people who, at
> this very preliminary stage in the litigation, might be potential plaintiffs.  I
> am not determining that those being notified "are, in fact, similarly situated"
> to the Plaintiff, and I make no determination regarding the legal rights and
> responsibilities of the parties.  . . . Again, the Plaintiff's burden for proving
> that he is similarly situated to these potential plaintiffs is minimal for this
> preliminary determination-a determination that can be modified or reversed
> after discovery is complete.

Gjurovich, 282 F.2d at 105 (citations omitted)

Plaintiff separately submits herewith a proposed Notice of Lawsuit and

Opportunity to Join.  This notice comports to the specific requirements exhaustively

enumerated by Judge Smith in Gjurovich.  Supra, at 106-109.

### D.  **Defendants Should Disclose the Names and Last Known Addresses of Prospective Plaintiffs**

Only Defendants know the names and addresses of potential plaintiffs in this case.

The Supreme Court has confirmed this Court's inherent authority to require Defendants

to disclose that information so that Plaintiff's counsel can circulate the Notice of Lawsuit

and Opportunity to Join.  Hoffman-La Roche, Inc. v. Sperling, 110 S. Ct. 482, 486

(1989).  In addition, Defendants should be ordered to provide this information in both

paper and digital format to expedite the distribution of the notices, and the proposed

Order submitted herewith so provides.

Plaintiffs' motion for permission to authorize notice to potential class members is critical because the statute of limitations for claims brought under the Fair Labor Standards Act may not be tolled for a particular plaintiff until he or she files with this Court a "Consent to Join" form. Bonilla v. Las Vegas Cigar Co., 61 F. Supp. 2d 1129, 1133 (D. Nev. 1999); Partlow v. Jewish Orphans' Home of Southern Cal., Inc., 645 F.2d 757, 760 (9th Cir. 1981) ("It is true that the FLSA statute of limitations continues to run until a valid consent is filed."); Atkins v. General Motors Corp., 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983); Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, (9th Cir. 2000); Sbarro, 982 F. Supp. at 262; 29 U.S.C. § 216(b). The implication of the continued running of the statute of limitations is obvious: each day that passes before notice is given causes prejudice to the absent plaintiffs. The statute of limitations demonstrates not only the need for the distribution of notice to purported class members, but the expediency in which the distribution must occur.

Plaintiffs are not requesting unusual or extraordinary relief, but are requesting relief clearly within the discretion of this Court. Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 171 (1989). The United States Supreme Court recognized the need for notice in actions like this and also approved Court intervention and authorization of notice, stating:

> Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time. . . . The court is not limited to waiting passively for objections about the manner in which the consents were obtained. By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative.

Hoffmann-La Roche, 493 U.S. at 171-172 (1989); Sbarro, 982 F. Supp. at 262 ("courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management."); Cook v. United States, 109 F.R.D. 81, 83 (E.D.N.Y. 1985) ("certainly, it is unlikely that Congress, having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion.")

III.     CONCLUSION

Plaintiffs have shown by their declarations that they are similarly situated with other former and current employees of Defendants.  Accordingly, Defendants should be required to provide the names and addresses of (a) security guard employees and other non-managerial, non administrative workers they employed within three years preceding the date of the Court's Order on this motion, so that notice of this action may be communicated to them.  For the foregoing reasons, Plaintiff respectfully requests that Plaintiffs' Motion be granted.

Dated: New York, New York
       April 21, 2008

                LAW OFFICE OF WILLIAM COUDERT RAND

                S/William C. Rand

                William Coudert Rand, Esq. (WR-7685)
                Attorney for Plaintiff, Individually,
                and on Behalf of All Other Persons Similarly Situated
                711 Third Avenue, Suite 1505
                New York, New York 10017
                Tel: (212) 286-1425

                Co-counsel
                Berger & Gottlieb
                Jeffrey M. Gottlieb, Esq. (JG-7905)
                150 East 18th Street, Suite PHR
                New York, New York 10003
                Tel: (212) 228-9795