William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Co-counsel
Jeffrey M. Gottlieb, Esq. (JG-7905)
Berger & Gottlieb
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHARLENE JAMES,                                 :        ECF
Individually and on Behalf of All Other Persons :        08 Civ. 1457 (RWS)(KNF)
Similarly Situated,                             :
                                                :
                    Plaintiffs,                 :
                                                :
       -against-                                :
                                                :
T&H SECURITY, INC., CITADEL SPECIAL             :
EVENTS SERVICES, INC., THOMAS FERRARA,:
REIDA FERRARA, TYRONE A. YORIS and              :
JOHN DOES #1-10, Jointly and Severally,         :
                                                :
                    Defendants.                 :
-----------------------------------------------------------------X

# DECLARATION OF EMANUEL BYERS

# IN SUPPORT OF PLAINTIFF'S MOTION

# FOR APPROVAL OF COLLECTIVE ACTION NOTICE

## DECLARATION OF PLAINTIFF EMANUEL BYERS

I, **EMANUEL BYERS**, hereby declare under penalty of perjury under the laws of the United States of America that the following is true:

1. I was a security guard worker employed by T&H Security, Inc., Citadel Special Events Services, Inc. and their owners/managers, Thomas Ferrara, Reida Ferrara, and Tyrone A. Yoris (together "Defendants") from on or about January 2007 until on or about February 2008 (the "time period").

2. I worked as a security guard for Defendants at a number of locations including but not limited to: Piers 92 and 94 (located on 54th Street and 12th Ave.); Pier 54 (located at 14th Street and 11th Ave.); The Jacob Javitz Center (located at 34th Street and 11th Ave.), The Nokia Theatre (located at about 43rd Street), and the Hilton (located at about Broadway and 56th Street).

3. Upon information and belief I worked for Defendants with at least 40 other similar security guard employees who had the same duties as myself.

4. My duties did not include managerial responsibilities or the exercise of independent business judgment.

5. During the time period, I worked an average of approximately 50 hours per week. Often, my paystubs did not reflect the full amount of hours that I worked.

6. Defendants paid me an hourly wage of $9.50.

7. Defendants did not pay me time and one half for any of my hours worked over 40 in a week ("overtime").

8. Defendants did not pay me my regular hourly rate for all of the hours that I worked.

9. I was required to wear a uniform provided by the Defendants but was never paid for the cost of cleaning the uniform.

10. I was signed in and out by my supervisor in a daily log book kept by Defendants. Often my supervisor signed me out as of a time which was earlier than the time that I actually stopped working. Accordingly, the sign-out sheets often did not reflect the time that I actually signed out.

11. I have attached as Exhibit A a copy of certain of my payroll receipts and time records, demonstrating that I was not paid by Defendants for all my hours worked and was not paid by Defendants time and one half for my overtime hours worked.

12. In addition to myself, during the time period, I am aware and have personal knowledge of other persons employed by Defendants as security guard workers who performed the same or similar work as myself. Upon information and belief, Defendants hired at least 40 of such similar security guard workers.

13. I and the other similar security guard employees regularly worked more than 40 hours per week for Defendants.

14. I and these other similar security guard employees worked more than 40 hours per week and were not paid time and one half for our overtime hours.

15. I know that others like me worked overtime and were not paid overtime by Defendants because I observed the other security guard employees working more than 40 hours in a week and discussed the issue with certain of these other similar security guard employees, who said that they worked more than 40 hours per week and that Defendants did not pay them time and one half their regular hourly rate for their overtime hours and did not pay them even at their regular hourly rate for all the hours that they worked. They

all have stated to me that they worked as security guard workers for Defendants and worked more than 40 hours per week and were not paid time and one half for their hours worked over 40 in a workweek.

16. Throughout the time period that I worked at Defendants, and, upon information and belief, both before that time and continuing until the present, Defendants have likewise employed other individuals, like myself, in positions as security guard workers.

17. Such individuals have worked in excess of 40 hours a week, yet the Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate.

Dated: April 1, 2008          _____
                                            Emanuel Byers

# EXHIBIT A TO

# DECLARATION OF PLAINTIFF EMANUEL BYERS

# Earnings Statement

CO. FILE DEPT. CLOCK NUMBER
HGM 008330 001 0000003543 040 1

CITADEL SPECIAL EVENTS SERVICE
34 91ST STREET
BROOKLYN, NY 11209

Period Ending: 09/28/2007
Pay Date: 10/05/2007

EMMANUEL BYERS
700 E 156TH ST #8F
BRONX NY 10453

Taxable Marital Status: Single
Exemptions/Allowances:
  Federal: 1
  State: 1
  Local: 1

Social Security Number: XXX-XX-5529

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 9.5000 | 64.00 | 608.00 | |
| **Gross Pay** | | | **$608.00** | 2,455.75 |

| Deductions | | |
|---|---|---|
| Statutory | | |
| Federal Income Tax | -41.94 | 90.41 |
| Social Security Tax | -37.70 | 152.26 |
| Medicare Tax | -8.82 | 35.61 |
| NY State Income Tax | -12.05 | 22.55 |
| New York Cit Income Tax | -7.90 | 17.22 |
| NY SUI/SDI Tax | -1.20 | 8.12 |
| **Net Pay** | **$498.39** | |

Your federal taxable wages this period are $608.00

©1998, 2006. ADP, Inc. All Rights Reserved.

# Earnings Statement

**ADP**

| CO. FILE DEPT. CLOCK NUMBER | | | | |
|---|---|---|---|---|
| HGM 008330 001 000003751 040 1 | | | | |

CITADEL SPECIAL EVENTS SERVICE
34 91ST STREET
BROOKLYN, NY 11209

Period Ending: 01/18/2008
Pay Date: 01/25/2008

EMMANUEL BYERS
700 E 156TH ST #8F
BRONX NY 10453

Taxable Marital Status: Single
Exemptions/Allowances:
  Federal: 1
  State: 1
  Local: 1

Social Security Number: XXX-XX-XXXX

### Earnings

| | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 11.0000 | 49.00 | 539.00 | 976.00 |
| **Gross Pay** | | | **$539.00** | 11.0000. |

### Deductions

| Statutory | | |
|---|---|---|
| Federal Income Tax | -30.65 | 38.35 |
| Social Security Tax | -33.42 | 60.51 |
| Medicare Tax | -7.81 | 14.15 |
| NY State Income Tax | -9.29 | 9.56 |
| New York Cit Income Tax | -5.85 | 7.42 |
| NY SUI/SDI Tax | -1.20 | 3.02 |

**Net Pay** **$450.78**

Important Notes
YOUR HOURLY RATE HAS BEEN CHANGED FROM 9.5000 TO

Your federal taxable wages this period are $539.00